# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>    Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,[1]<br><br>    Respondent. | Case No. 1:19-cv-00547-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT<br><br>(ECF No. 11) |

Petitioner Randy Langley is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2016 convictions in the Tulare County Superior Court. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**BACKGROUND**

On June 1, 2016, Petitioner was convicted by a jury in the Tulare County Superior Court of battery against a spouse and disobeying a prior domestic relations court order. Petitioner was

---

[1] Raythel Fisher is the Warden of Valley State Prison, where Petitioner is currently housed. (ECF No. 16 at 1 n.1). Accordingly, the Court substitutes Raythel Fisher as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

sentenced to an imprisonment term of six years. (LDs[2] 1, 2). On October 17, 2017, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 11 at 2).[3] Petitioner filed four state habeas petitions, which were all denied. (LDs 3–10).

On April 24, 2019,[4] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On June 28, 2019, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 11). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 13, 14).

## II.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[2] "LD" refers to the documents electronically lodged by Respondent on July 2, 2019. (ECF No. 12).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 11 at 2 n.2).

2

of the United States is removed, if the applicant was prevented
from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A. Commencement of Limitation Period

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. Gonzalez v. Thaler, 565 U.S. 143, 150 (2012). The time to seek review with the California Supreme Court expired on November 27, 2017,[5] forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, November 28, 2017, and absent tolling, was set to expire on November 27, 2018. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely

---

[5] Forty days after the Court of Appeal's decision, November 26, 2017, fell on a Sunday. Accordingly, the time to seek review continued to run until the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

3

petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

1. First State Petition

Petitioner's first state habeas petition was filed (September 8, 2016) and denied (September 23, 2016) before the one-year limitation period commenced. (LDs 3, 4). Therefore, Petitioner is not entitled to statutory tolling for the period during which this petition was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

2. Second and Third State Petitions

On February 11, 2018, Petitioner constructively filed a state habeas petition in the Tulare County Superior Court, which denied the petition on April 8, 2018. (LDs 5, 6). On May 23, 2018, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on June 7, 2018. (LDs 7, 8). There is nothing in the record that suggests these petitions were not properly filed, and Respondent makes no such argument. (ECF No. 11 at 6). Thus, Petitioner is entitled to statutory tolling for the period his second and third state petitions were pending in the state superior and appellate courts.

3. Fourth State Petition

On October 4, 2018, Petitioner constructively filed a state habeas petition in the California Supreme Court, which denied the petition on March 20, 2019. (LDs 9, 10). Respondent argues that because this petition was untimely and thus, "not properly filed," there is no statutory tolling of the time before or during the California Supreme Court's consideration of Petitioner's fourth state habeas petition. (ECF No. 11 at 7).

Petitioner filed his fourth state habeas petition in the California Supreme Court 119 days after the California Court of Appeal denied habeas relief. The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson, 795 F.3d at 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). Here, Petitioner has failed to provide an explanation for the 119-day delay in filing his state habeas petition in the California Supreme Court. Accordingly, the Court finds that Petitioner is not entitled to statutory tolling for the period Petitioner's fourth state habeas petition was pending and the interval between the California Court of Appeal's adverse decision and when the petition was filed in the California Supreme Court.

4. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Seventy-five days elapsed between the date Petitioner's state conviction became final (November 27, 2017) and the date Petitioner filed his second habeas petition in the Tulare County Superior Court (February 11, 2018). AEDPA's one-year clock stopped while Petitioner's second and third state habeas petitions were pending in the Tulare County Superior Court and the California Court of Appeal (February 11, 2018– June 7, 2018). As discussed above, Petitioner's fourth state habeas petition was untimely and thus, did not toll the limitation period. The one-year limitation period therefore expired on March 25, 2019.[6]

---

[6] The limitation period ended on March 24, 2019, which fell on a Sunday. Accordingly, the time to seek timely federal habeas review continued to run until the next business day. See Fed. R. Civ. P. 6(a)(1)(C).

5

1    Accordingly, the instant federal habeas petition is untimely unless Petitioner establishes
2 that equitable tolling is warranted.

**C. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Petitioner argues that he is entitled to equitable tolling because the California Supreme Court took five and a half months to decide his state habeas petition. (ECF No. 13 at 2). However, the Ninth Circuit has "stated that twenty-one months is 'not an unusually long time to wait for a court's decision'" with respect to a California state habeas petition. Fue v. Biter, 842 F.3d 650, 654 (9th Cir. 2016) (en banc) (quoting Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001)). Further, the Court notes that if Petitioner had timely filed his state habeas petition in the California Supreme Court, he would have been entitled to toll the five and a half months the petition was pending. However, Petitioner has not provided any explanation or justification for the 119-day delay in seeking review in the California Supreme Court after his petition was denied in the appellate court.

As Petitioner has not demonstrated that he is entitled to equitable tolling, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely;

Further, the Clerk of Court is DIRECTED to substitute Raythel Fisher as Respondent in this matter.

////

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 24, 2019**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE