UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>    Petitioner,<br><br>    v.<br><br>RAYTHEL FISHER,<br><br>    Respondent. | No. 1:19-cv-00547-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 11, 15) |

Petitioner Randy Langley is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On June 28, 2019, respondent filed a motion to dismiss the petition as untimely. (Doc. No. 11.) On September 24, 2019, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and that the court dismiss the pending petition as being barred by the applicable statute of limitations[1] based upon the finding that petitioner is not entitled to equitable tolling of that limitations period. (Doc.

---

[1] The findings and recommendations concluded that any application for federal habeas relief to be filed by petitioner was due no later than March 25, 2019, but that petitioner did not file his untimely petition in this case until April 24, 2019, a month after the applicable limitations period had expired. (Doc. No. 15 at 5–6.)

1

No. 15 at 6.) Those findings and recommendations were served by mail on petitioner at his address of record on September 24, 2019 and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.* at 7.) On October 15, 2019, that service copy of the findings and recommendations was returned to the court as undeliverable, unable to forward. Petitioner was required by rule to file a notice of change of address with this court by December 23, 2019, and he did not do so. No objections to the pending findings and recommendations have been filed with the court, and the time for doing so has expired. Petitioner has also failed to file a notice of change of address with the court as required, or otherwise communicate with the court regarding this action following the issuance of the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the pending petition as time–barred will be granted.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on September 24, 2019 (Doc. No. 15) are adopted in full;
2. Respondent's motion to dismiss the pending petition as barred by the applicable statute of limitations (Doc. No. 11) is granted;
3. The petition for writ of habeas corpus is dismissed with prejudice as being untimely;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE